Filed 2/3/23 P. v. Broadway CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C096560 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 21CF04631, 21CF04970, 22CM02058) |
| v. | |
| JESSE COLE BROADWAY, | |
| Defendant and Appellant. | |

Defendant Jesse Cole Broadway pled guilty to attempted burglary, possession of a slungshot, and tampering with a car. The trial court sentenced him to the upper term of three years for the possession of a slungshot conviction, plus a consecutive four-month term for the attempted burglary conviction. Defendant argues his upper term sentence must be reversed and remanded for resentencing in light of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567). We shall remand for resentencing.

1

FACTUAL AND PROCEDURAL BACKGROUND

We take the facts of these three consolidated cases from the probation report as defendant entered into plea agreements to resolve them.

In the first case (case No. 21CF04631), the victim saw three people try to break into storage containers using bolt cutters and pry bars. When officers located the van used in the crime, they found defendant and two other men in it. When they searched the van, officers found a pair of bolt cutters. When they searched defendant, he had drug paraphernalia in his belongings. Defendant told the officers he was on the property and trying to open the storage containers.

The complaint charged defendant with attempted burglary (Pen. Code, §§ 664, subd. (a), 459),[1] possession of burglary tools (§ 466), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)).

In the second case (case No. 21CF04970), while released on his own recognizance from the first case, police found defendant in possession of a weighted slungshot and drug paraphernalia. For this case, the complaint charged defendant with possession of a slungshot (§ 22210) and possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)). It also alleged an enhancement to the possession of the slungshot occurred while defendant was released on bail or his own recognizance. (§ 12022.1.)

In the third case (case No. 22CM02058), officers found defendant and an accomplice removing parts from a stolen car. The corresponding complaint charged defendant with damaging or tampering with a vehicle. (Veh. Code, § 10852.)

In the first two cases, defendant pled no contest to attempted burglary and possession of the slungshot in exchange for the dismissal of the remaining counts, the enhancement, and a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. (§§ 664,

---

[1] Undesignated statutory references are to the Penal Code.

subd. (a), 459, 22210.) Defendant also admitted these two offenses were violations of his existing probation. In the third case, defendant pled no contest to the sole charge of damaging or tampering with a vehicle. (Veh. Code, § 10852.)

The trial court held the sentencing hearing on May 25, 2022. Defense counsel argued the trial court should impose the middle term because defendant did not stipulate to any aggravating factors, nor were any found true by a jury. The prosecutor responded by arguing for the upper term noting the trial court had twice granted defendant probation.

The probation report detailed defendant's criminal history as follows:

| Conviction Date | Charges | Disposition |
|---|---|---|
| Sept. 7, 2010 | Veh. Code, § 20002, subd. (a) [hit-and-run]; two counts of § 594, subd. (a) [malicious mischief] (all misdemeanors) | Three years of formal probation; 30 days in jail and a fine |
| Oct. 8, 2010 | Violation of probation for the Sept. 2010 conviction | Probation terminated; 90 days in jail |
| May 2, 2013 | Health and Saf. Code, § 11379.6, subd. (a) (felony) | Three years in county prison |
| Apr. 23, 2014 | Resentencing for May 2013 conviction | Three years in state prison |
| Apr. 23, 2014 | § 4532, subd. (b)(1) [escape] (felony) | Eight months in state prison |
| May 27, 2021 | § 22810, subd. (a) [felon in possession of tear gas] (misdemeanor) | One year of court probation; 20 days in jail and a fine |
| May 27, 2021 | § 22610, subd. (a) [felon in possession of stun gun] (misdemeanor) | 10 days in jail and a fine |
| May 27, 2021 | § 602, subd. (k) [malicious mischief] (misdemeanor) | 10 days in jail and a fine |

3

| June 7, 2021 | § 273.5, subd. (a) [infliction of corporal injury on spouse or cohabitant] (misdemeanor) | Three years of probation; 90 days in jail and a fine |
|---|---|---|
| Apr. 13, 2022 | Violation of probation for May 2021; § 22810, subd. (a) conviction | Pending |

The trial court found defendant's prior convictions were numerous and of increasing seriousness in nature, defendant served a prior prison term, and defendant was on probation at the time of the instant offenses. The trial court was unable to find any factors in mitigation. As a result, it found the aggravating circumstances outweighed the mitigating circumstances. The trial court sentenced defendant to the upper term of three years for possession of the slungshot and a consecutive term of one-third the middle term, or four months, for attempted burglary. The court suspended the concluding 476 days of county prison term to be served as a period of mandatory supervision under section 1170, subdivision (h)(5)(a) and California Rules of Court, rule 4.415.[2] Defendant received actual credit and credit under section 4019 for a total of 401 days.

Defendant timely appealed; the case was fully briefed on December 5, 2022, and assigned to this panel shortly thereafter.

DISCUSSION

Defendant contends the trial court prejudicially erred in imposing the upper term in violation of Senate Bill 567 and section 1170, subdivision (b). We agree.

Senate Bill 567 became effective January 1, 2022. (Stats. 2021, ch. 731; Cal. Const., art. IV, § 8, subd. (c).) The act generally prohibits a trial court from imposing an upper term sentence except where there are circumstances in aggravation of the crime that justify imposing the upper term, and the facts underlying those circumstances (1) have been stipulated to by the defendant, or (2) have been found true beyond a

---

[2] Undesignated rule references are to the California Rules of Court.

reasonable doubt at trial by the jury or by the judge in a court trial. (§ 1170, subd. (b)(1), (2), added by Stats. 2021, ch. 731, § 1.3.) An exception to this rule authorizes the court to consider defendant's prior convictions in determining sentencing based on certified records of conviction without submitting the prior convictions to the jury. (§ 1170, subd. (b)(3), added by Stats. 2021, ch. 731, § 1.3.)

Defendant admitted one of the facts supporting the upper term in open court as part of his probation violation plea: he was on probation at the time of the other two offenses. (Rule 4.421(b)(4).) We reject defendant's argument this was not an admission he was on probation at the time he committed the present offenses.

Defendant's citation to *People v. Dunn* (2022) 81 Cal.App.5th 394, 404-405, review granted October 12, 2022, S275655, is inapposite. There, the defendant admitted other acts violated his probation without reference to the dates of those crimes, as opposed to the crime for which the trial court sentenced the defendant. (*Id.* at pp. 398-399.) Here, it is the very convictions the trial court sentenced defendant on that formed the basis for his violation of probation. Finding a probation violation based on the commission of new crimes requires that defendant was on probation at the time of the commission of those new crimes. Thus, defendant stipulated to this circumstance in aggravation.

The other three circumstances in aggravation underlying the court's decision to impose the upper term—defendant's prior convictions were numerous or of an increasing seriousness in nature, and defendant served a prior prison term (rule 4.421(b)(2), (3))— were not found true by a jury, nor stipulated to by defendant. Accordingly, under section 1170, subdivision (b), it was error for the trial court to consider those additional two circumstances in its decision to impose the upper term sentence.

The Attorney General contends any error in not satisfying Senate Bill 567 was harmless because the jury, beyond a reasonable doubt, would have found true the aggravating circumstances upon which the court relied. We disagree.

5

The law requires a two-step analysis for determining harmless error: (1) whether the court could impose the aggravated term under the Sixth Amendment, and (2) whether the court would impose the aggravated term under section 1170. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1112 (*Zabelle*).) We review the first question for prejudice under the standard described in *Chapman v. California* (1967) 386 U.S. 18, and the second question under the standard in *People v. Watson* (1956) 46 Cal.2d 818. (*Zabelle*, at pp. 1112-1113.)

In the first step, we determine whether a jury would have found true beyond a reasonable doubt at least one of the aggravating factors the trial court relied on in imposing the aggravated sentence. (*Zabelle*, *supra*, 80 Cal.App.5th at pp. 1112-1113.) Here, defendant admitted on the record his attempted burglary and possession of a slungshot were both violations of his existing probation and the trial court found him in violation of probation. Given this admission, we conclude, "beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true" this aggravating circumstance "had it been submitted to the jury." (*People v. Sandoval* (2007) 41 Cal.4th 825, 839.) Thus, there is no Sixth Amendment error here.

To examine the state law violation, we apply the standard set forth in *Watson*, to determine whether the trial court's error was harmless. Under that standard, "we must find that the trial [court] *would* have imposed the upper term sentence even absent the error. In particular, we must consider whether it is reasonably probable that the trial court would have chosen a lesser sentence in the absence of the error." (*Zabelle*, *supra*, 80 Cal.App.5th at p. 1112.)

To apply this test to a violation of section 1170, subdivision (b), we must ask two more questions. For each aggravating circumstance, we must consider "whether it is reasonably probable that the jury would have found the fact not true. We must then, with the aggravating facts that survive this review, consider whether it is reasonably probable

that the trial court would have chosen a lesser sentence had it considered only these aggravating facts." (*Zabelle*, *supra*, 80 Cal.App.5th at p. 1112.) "A reasonable probability . . . does not mean more likely than not; it means a reasonable chance and not merely a theoretical or abstract possibility." (*People v. Woods* (2015) 241 Cal.App.4th 461, 474 [applying *Watson* standard to omission of instruction on lesser included offense].)

Here, three of the circumstances in aggravation the trial court found true without obtaining a stipulation from defendant or jury verdict were that defendant's convictions were numerous, those convictions were of increasing seriousness in nature, and that he served a prior prison term. We believe the jury would have found one of these three circumstances in aggravation to be true. While the prosecution did not submit evidence of the prior prison term to the jury, nor did the prosecution submit certified records to the judge, the probation report prepared for defendant's sentencing hearing disclosed the fact that defendant served a prior prison term. (Rule 4.421(b)(2).) In the face of this assertion of his prior criminal history, defendant raised no challenge to this recitation when he had the opportunity and every incentive to do so in order to mitigate his sentence. (See *People v. Epps* (2001) 25 Cal.4th 19, 29 [finding the denial of a statutory right to a jury trial on a prior conviction harmless where the only factual question for the jury was whether the prior convictions occurred, and the defendant did not question this fact].) Thus, we conclude there is no reasonable probability that the jury would have found defendant did not serve a prior prison term.

We cannot say the same, however, for the trial court's finding that defendant's convictions were numerous or of increasing seriousness. The numerosity and increasing seriousness of defendant's convictions depend on a subjective standard involving comparison of defendant's various misdemeanor and felony convictions over 12 years. (*People v. Sandoval*, *supra*, 41 Cal.4th at p. 840 ["to the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective

standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court"].)

Defendant's initial reported convictions were misdemeanor hit-and-run and unspecified miscellaneous mischief, over 10 years prior to the instant case. Over the next 12 years, he had two felony convictions (one for drug manufacturing and one for escape) for which he served prison terms. Following that, defendant had three misdemeanor convictions: possession of a stun gun and tear gas, an unspecified miscellaneous mischief conviction, and a misdemeanor conviction for infliction of corporal injury on spouse or cohabitant. Defendant did not lead a crime-free life, but this record does not conclusively demonstrate numerosity or necessarily a clear pattern of increasing seriousness that required the imposition of an upper term. Thus, we conclude that it is reasonably probable a jury would have found defendant's prior convictions were not numerous nor of increasing seriousness.

Thus, in sentencing defendant, the trial court properly considered two aggravating circumstances: defendant's prior prison term, and defendant's poor performance on probation. The trial court impermissibly considered that defendant's convictions were numerous and of increasing seriousness. The trial court gave no weight to any of the specified circumstances, nor did it indicate whether the imposition of the upper term was or was not a close call. On this record, we cannot determine whether the trial court would have issued the same sentence had it been limited to the circumstances it could properly consider. Thus, we must vacate defendant's sentence and remand for resentencing. (*Zabelle*, *supra*, 80 Cal.App.5th at p. 1115.) We express no opinion as to the appropriate sentence on remand.

## DISPOSITION

Defendant's sentence is vacated and the matter is remanded for resentencing.

_____/s/_____
BOULWARE EURIE, J.

We concur:

_____/s/_____
HULL, Acting P. J.

_____/s/_____
EARL, J.